UNITED STATES of America, Appellee,

v.

Ronald Louis JONES, Appellant.

No. 81–1540.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 19, 1982.

Decided Jan. 25, 1982.

Murray Stone, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Mitchell F. Stevens, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

This matter comes before an administrative panel of this court to determine whether Ronald Louis Jones has properly filed a notice of appeal from his criminal conviction. We conclude that Jones prematurely filed the notice of appeal. Under the circumstances of this case, however, we allow the appeal to proceed. This opinion explains the proper procedure for filing an appeal in a criminal case when the defendant makes a post-conviction motion for a new trial or in arrest of judgment.

On May 5, 1981, a jury convicted Ronald Louis Jones of possession of narcotics with intent to distribute. Jones moved for a new trial on May 12, 1981.[1] Without having ruled on Jones' motion for a new trial, the district court entered judgment on May 15, 1981, and Jones filed a notice of appeal the same day. Thus, Jones complied with F.R.A.P. 4(b), which prescribes:

> In a criminal case the notice of appeal by a defendant shall be filed in the dis-

---

1. Jones timely filed his motion for a new trial under Fed.R.Crim.P. 33, which specifies:

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

trict court within 10 days after the entry of the judgment or order appealed from.

After docketing the appeal, the clerk of this court noticed that Jones' motion for a new trial remained pending before the district court. Under Rule 4(b), a timely motion in arrest of judgment or for a new trial extends the time for appeal from a judgment of conviction in a criminal case until ten days after entry of an order denying the motion.

F.R.A.P. 4(a)(4), which governs appeals in *civil* cases, expressly states that a notice of appeal shall have no effect if filed before disposition of various posttrial motions, including a motion for a new trial. Rule 4(b), however, does not similarly specify that in criminal cases, a notice of appeal filed before the district court rules on a motion in arrest of judgment or for a new trial has no effect.

Some courts have interpreted Rule 4(b) to conform to the provisions of Rule 4(a)(4), by dismissing appeals filed before the disposition of motions extending the time for appeal. Such courts require appellants to file a new notice of appeal within the prescribed time measured from the entry of the order disposing of the motion. *See United States v. Mathews*, 462 F.2d 182 (3d Cir.), *cert. denied*, 409 U.S. 896, 93 S.Ct. 123, 34 L.Ed.2d 153 (1972); *Matranga v. United States*, 392 F.Supp. 249 (D.S.C.1975). Other courts have held that filing a notice of appeal before the district court rules on the motion in arrest of judgment or for a new trial does not nullify its effect. The notice of appeal becomes effective if and when the court denies the motion in arrest of judgment or for a new trial. *See United States v. Moore*, 616 F.2d 1030 (7th Cir.), *cert. denied*, 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980); *Hamilton v. United States*, 140 F.2d 679, 679–80 (D.C.Cir.1944).

■■ In our view, the notice of appeal in a criminal case should follow, not precede, disposition of the posttrial motions mentioned in F.R.A.P. 4(b). A defendant convicted in a criminal case acts prematurely by filing a notice of appeal before the district court has ruled on a timely motion for a new trial or in arrest of judgment. Such an appeal should be summarily dismissed without prejudice. We do not believe that such action upon a prematurely filed appeal creates an unnecessary technical barrier to appellants in criminal cases. Furthermore, we think it unreasonable, as in this case, to require the clerk of the court to hold such notices in abeyance pending the district court's ruling on the defendant's posttrial motions.

■ We recognize that if a criminal defendant fails to act within ten days after denial of posttrial motions, he may unfairly be deprived of appeal rights, notwithstanding the earlier filing of a notice of appeal. When the case warrants an exception, such as when the defendant is not notified that his appeal has been prematurely filed, we reserve the right to exercise appellate jurisdiction based on the premature notice.

■ In this case, the district court denied defendant's motion for a new trial on December 21, 1981. The ten-day period for filing a notice of appeal ran from that date and has now expired. Because Jones received no formal notification that the notice of appeal filed on May 15, 1981, was premature, however, we shall retain this case and exercise our appellate jurisdiction.

■ Hereafter, in similar cases, we direct the clerk of the district court or the clerk of this court to notify the defendant that his notice of appeal is ineffective as premature, and to explain that a new notice of appeal must be filed within ten days after denial of the motion for a new trial or in arrest of judgment.