**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur M. NAUD, Defendant-Appellant.**

**No. 87–1582.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 1987.*

Decided Sept. 28, 1987.

As Amended Sept. 29, 1987.

Peter B. Nolte, Sreenan & Cain, P.C., Rockford, Ill., for defendant-appellant.

Grant C. Johnson, Asst. U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before BAUER, Chief Judge, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Arthur Naud pleaded guilty to one count of distributing cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to a ten-year term of imprisonment and a special three-year parole term. The district court denied

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

his Rule 35 motion to reduce his sentence, *see* Fed.R.Crim.Pro. 35, and he appeals. We dismiss the appeal because we lack jurisdiction.

### A.

Naud timely filed a motion to reduce his sentence which was denied on April 3, 1987; the denial was entered on the court's docket sheet on April 6. On April 9, Naud filed a *pro se* notice of appeal and a motion for reconsideration of the court's denial. The court denied Naud's motion for reconsideration on April 16. No appeal was taken from that denial. As we recently held in *United States v. Gargano*, No. 87–1798, slip op. at 4 (7th Cir. August 7, 1987), "the filing of a motion to reconsider the denial of a Rule 35 motion nullifies a notice of appeal filed before the motion to reconsider is decided." *Id.* at 4. This is in part because the motion for reconsideration tolls the time for appealing as does a Rule 59(e) motion in a civil case, *see* Fed.R.Civ.P. 59(e). *Id.* at 3.

The April 16 denial of the motion to reconsider began the 10–day period during which Naud should have filed a new notice of appeal, *see* Fed.R.App.P. 4(b), and that period has run. It is too late for Naud to seek an extension of time to file the notice of appeal from the district court. Such extensions of time are limited to 30–day periods. *Id.*

### B.

We note with displeasure that neither party briefed the jurisdictional issue as required by Circuit Rule 28, which became effective March 1, 1987 (before these briefs were filed). Circuit Rule 28 provides in relevant part:

(b) *Jurisdictional Statement.* The appellant's brief must contain a concise statement of the basis of the jurisdiction of the trial court or administrative agency and this court.

\* \* \* \* \* \*

(2) The statement concerning appellate jurisdiction shall identify the statutory provision believed to confer jurisdiction on this court and the following particulars:

(i) The date of entry of the judgment or decree sought to be reviewed.

(ii) The filing date of any motion for a new trial or alteration of the judgment or any other motion claimed to toll the time within which to appeal.

(iii) The disposition of such a motion and the date of its entry.

(iv) The filing date of the notice of appeal (together with information about an extension of time if one was granted).

\* \* \* \* \* \*

The appellee's brief shall state explicitly whether the jurisdictional summary in the appellant's brief is complete and correct. If it is not, the appellee shall provide a complete jurisdictional summary.

Here Naud's jurisdictional summary was inadequate because it provided none of the dates explicitly required by Rule 28 (though one of the relevant dates was provided elsewhere). The government's brief merely stated it had "no objection" to Naud's jurisdictional statement. Rule 28 requires more than a mere lack of objection; it creates an affirmative duty to certify, in effect, that the appellant's jurisdictional summary is accurate or to provide a complete summary if it is not.

The requirements of the rule are simple, yet the information required, as evidenced by this case, is important in determining whether an appeal is properly before this court. Although the clerk's office inadvertently accepted these briefs for filing, litigants in this court are forewarned that briefs which do not comply with our rules will not be accepted.

### C.

The motion for reconsideration rendered the April 9 notice of appeal a nullity, *Gargano, supra*, at 4; therefore, this appeal is DISMISSED.