**UNITED STATES of America**

v.

**DAVIS, Leroy, Appellant.**

**UNITED STATES of America**

v.

**JOSEPH, Theodore, Appellant.**

Nos. 90–3183, 90–3184.

United States Court of Appeals, Third Circuit.

Argued Dec. 6, 1990.

Decided Jan. 24, 1991.

Robert L. King (argued), Charlotte Amalie, St. Thomas, Virgin Islands, for appellant Leroy Davis.

Kwame O. Motilewa (argued), Charlotte Amalie, St. Thomas, Virgin Islands, for appellant Theodore Joseph.

Terry M. Halpern, U.S. Atty. and Richard K. Harris (argued), Asst. U.S. Atty., Charlotte Amalie, St. Thomas, Virgin Islands, for appellee.

Before HIGGINBOTHAM, Chief Judge, and GREENBERG and COWEN, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Appellants, Theodore Joseph and Leroy Davis, appeal from judgments of conviction and sentence in this criminal case. A four-count information was filed in the District Court of the Virgin Islands charging them as well as Vernon Nesbitt with conspiracy to possess cocaine with intent to distribute, possession of cocaine with intent to distribute, knowing use of a firearm, a submachine gun, during and in relation to a drug crime, and knowing use of a firearm, a semi-automatic pistol, during and in relation to a drug crime. 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. §§ 2, 924(c). At the ensuing jury trial between December 11 and December 14, 1989, appellants were convicted on all counts but Nesbitt was found not guilty. On December 19, 1989, Joseph filed a motion for a new trial or, in the alternative for a judgment of acquittal, which is still outstanding.

The prosecution's case was largely predicated on eye witness evidence from police officers who claimed to have seen appellants engaged in illegal drug transactions on September 6, 1989, prior to their arrest on that day. Following the trial the appellants obtained police reports and affidavits from another case which tend to show that at the time the officers claimed to be observing appellants the officers were at a different location involved in another investigation. Consequently, on March 2 and March 6, 1990, respectively, Joseph and Davis filed motions for continuance of sentencing and for an evidentiary hearing to demonstrate that the prosecution, by its failure to disclose the reports and affidavits, violated their due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). They alleged that they had been convicted on the basis of false testimony from the police officers and, in a supporting brief, asserted that they were entitled to a new trial.[1]

At the sentencing on March 7, 1990, Joseph, joined by Davis, asked for a postponement so that a transcript of the trial could be obtained and an evidentiary hearing held on the *Brady* matter. Inasmuch as the court had not received the motion papers it recessed to review them following which it said that:

I have taken the time to read the papers and the first problem I have is that I don't know what this is. I suppose it should be a motion for a new trial based on newly discovered evidence, but I don't have a motion for a new trial before me. All I have is a motion for a continuance of the sentencing and a motion for an evidentiary hearing. If you filed a motion for a new trial based on newly discovered evidence, you may be entitled to an evidentiary hearing. But just preliminarily, I've looked over these papers that you have submitted and there would be an apparent conflict in the testimony as to whether or not Agent Olive was at Smith Bay at 6:10, or whether or not he was at the gut at 6:10. I think the report with respect to the gut buy, that is the buy where—the feed store buy is ambiguous because it doesn't say whether it was Agent Olive that was there at 6:10, but it says Charleswell or one of the others was there at 6:10.

But, in any event, my recollection of the trial in this case is that there was all kinds of cross examination and development of apparent inconsistencies between the report of the agents' testimony during the course of the trial. So,

---

1. Joseph filed the motion and brief and Davis joined in it.

there was a full opportunity to cross examine the witness and to develop inconsistencies. That does not mean to say, however, that I would rule out an evidentiary hearing or an opportunity to file a motion. So, I see no reason to postpone sentencing you. Because under the Rule, Rule 33, I believe it is, if your motion is on the basis of newly discovered evidence, you can file that at any time. Any other post-trial motion must be filed within ten days.

App. at 683–84.

At that point Joseph indicated that he had filed a motion for a new trial or judgment of acquittal on December 19, 1989. The court, however, declined to consider the motion, apparently because it was only filed with the clerk and Joseph had not sent a copy directly to the judge.[2]

Thus, appellants were sentenced on March 7, 1990, even though Joseph's original motion for a new trial and the later motions for an evidentiary hearing remained open. Appellants received very long custodial sentences and each then filed an appeal which would have been timely if measured from March 7, 1989, when the judgments were entered following the sentencing. On these appeals Davis' only contention is that by reason of a *Brady* violation he is entitled to a new trial. Joseph raises that issue and makes other contentions as well.

At oral argument we pointed out that the open matters in the district court might deprive this court of jurisdiction on principles akin to those explicated in the civil case of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Appellants stated that they were aware of the problem but nevertheless appealed because they were concerned, understandably, that if they did not appeal within ten days of the entry of the judgments of conviction and the sentence, their later appeals might be barred as untimely under Fed.R.App.P. 4(b).

Preliminarily in our discussion of whether we have jurisdiction we note that the appellants did not consider the evidentiary hearing an end in itself and that the district court could not reasonably think that the hearing could have no purpose with respect to the convictions. Rather, as appellants hoped to develop information to bolster their not insubstantial assertions that there was a *Brady* violation, their motions were the functional equivalent of motions for new trials, which, of course, are what they claimed to be entitled to in their brief submitted with the motions in the district court. Furthermore, when Joseph appealed, his original *de jure* motion for a new trial was pending in the district court. These motions were all open when the appeals were filed and all remain outstanding.

■ We hold that in view of the pending motions we do not have jurisdiction. Fed. R.App.P. 4(b) recites that:

In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment. When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district

court within 30 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by any defendant. A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

Fed.R.App.P. 4(b) does not have an express counterpart to Fed.R.App.P. 4(a) which provides that a notice of appeal filed before the disposition of a timely motion under certain rules "shall have no effect." Nevertheless, as the facts in this case amply demonstrate, we think we should reach a like result. Appellants are each seeking an order for a new trial from this court because of an alleged *Brady* violation. Yet they seek this relief from this court at a time when relief may be available to them in the district court on the basis of the proceedings instituted in that court before the appeals were filed. However, a favorable disposition in the district court would obviate the need for such an appeal.

■ We point out that if an appeal has been filed and the court of appeals has jurisdiction, the district court may not exercise jurisdiction under Fed.R.Crim.P. 35(b) to change a sentence. *See United States v. Batka,* 916 F.2d 118 (3d Cir.1990). The converse should also be true so that if the district court has jurisdiction over a criminal matter by reason of motions pending there, at least if the motions implicate the validity of the convictions and are filed before the appeal, the court of appeals will not have jurisdiction over the appeal. Jurisdiction to grant relief should be vested in only one court at a time.

This situation differs from that in *United States v. Hashagen,* 816 F.2d 899 (3d Cir.1987) (in banc), and yet that case, though sustaining jurisdiction over the appeal, set out principles guiding us here. Hashagen filed an appeal after he was convicted but two days before he was sentenced and three days before entry of the judgment against him. We held that although his appeal was premature it ripened when the judgment was entered. We further held that the appeal was to be treated as if filed after the entry of the judgment and on that day consistently with Fed.R. App.P. 4(b).

We concluded that the policies underlying Fed.R.App.P. 4(b), "the practical necessities of judicial economy and finality of litigation on the one hand and fundamental notions of fair play on the other," supported our result. 816 F.2d at 903. Premature appeals implicate judicial economy because until judgment is entered orders remain within the control of the district court and can be changed. Thus, a court of appeals should be reluctant to hear a premature appeal lest it interfere with ongoing matters in the district court. That policy presented no problem in *Hashagen* as under the holding there the "court of appeals would not begin considering the case until the district court ends its involvement by formally entering judgment against the defendant," *id.,* in *Hashagen* an event merely three days after the appeal was taken. Here, of course, the opposite is true as the posttrial motions are still pending in the district court.

We do not offend notions of fair play by dismissing these appeals. In *Hashagen* the government suffered no prejudice from the appeal being premature and it knew that the conviction was being challenged. Furthermore, in *Hashagen* the public interest in assuring the lawfulness of convictions was served by allowing the appeal. *Id.* Here, of course, it is not unfair to dismiss the appeals as appellants may seek their *Brady* remedy in the district court on the basis of their pending motions. If they do not obtain relief they will then be free to appeal and may raise the *Brady* contention as well as any other matters which may be properly raised on appeals from judgments of conviction and sentence. While we recognize that our opinion could set a trap for the unwary in a case in which the district court disposes of the outstanding motions after an appeal is taken but before it is dismissed, in which case a defendant might

neglect to file a new notice of appeal when the case is completed in the district court, appellants have no such problem.

*Hashagen,* of course, differs from this case in another critical way. In *Hashagen* the appeal challenged rulings made prior to or at the trial so that the matters in dispute on the appeal were settled in the district court before the appeal was filed. 816 F.2d at 906–07. In this case the appeals relate, insofar as the *Brady* issue is concerned, to matters not resolved before the appeal was taken and, indeed, still not resolved.

Other courts have confronted jurisdictional problems similar to that before us. In *United States v. Gargano,* 826 F.2d 610 (7th Cir.1987), the court of appeals dealt with a situation in which a federal prisoner filed an appeal on the same day on which the district court denied his motions for a reduction of sentence under Fed.R.Crim.P. 35 and for a vacation of sentence under 28 U.S.C. § 2255. Four days later the prisoner moved in the district court for reconsideration of the order denying him relief. The court of appeals held that it lost jurisdiction when the motion for reconsideration was filed. In a sense it is even clearer here than in *Gargano* that the appeals should be dismissed as the motions in this case were filed before the notice of appeal so that we have never had jurisdiction.[3] *See also United States v. Naud,* 830 F.2d 768 (7th Cir.1987).

In *United States v. Jones,* 669 F.2d 559 (8th Cir.1982), the court of appeals dealt with a situation in which a defendant convicted at a criminal trial filed a timely motion for a new trial prior to entry of the judgment against him. Then, while the motion was still pending, the defendant appealed. The court of appeals pointed out that under Fed.R.Crim.P. 4(b) the timely motion for the new trial extended the time for appeal until ten days after entry of the order on the motion and held that the notice of appeal in a criminal case should follow, not precede, disposition of posttrial motions. 669 F.2d at 561. Thus, the appeal was premature and should "be summarily dismissed without prejudice." *Id.*

The court was concerned, however, with a situation in which a defendant did not appeal within ten days after the disposition of the posttrial motions, thereby losing the right to appeal. Thus, it directed that thereafter "the clerk of the district court or the clerk of [the court of appeals] notify the defendant that his notice of appeal is ineffective as premature, and [ ] explain that a new notice of appeal must be filed within ten days after the denial of the motion for a new trial or in arrest of judgment." *Id.* Inasmuch as no such notice was given in *Jones,* the court retained the case and exercised appellate jurisdiction. *Id.*

While we agree with *Jones* that the notice of appeal must follow and not precede the disposition of the posttrial motions, we reject its holding that the court of appeals may exercise jurisdiction over an appeal filed while posttrial motions are outstanding unless a clerk of court notifies the appellant that the appeal is premature. We think that it is not reasonable to expect a clerk of court to examine the record in each criminal case in order to advise a defendant of the possibility that an appeal is premature. Rather, it seems far more appropriate for a defendant, either individually or through counsel, to have knowledge of the proceedings in a case so that the rules governing the filing of notices of appeals may be observed. In this regard we point out that placing a duty on a clerk to examine a record and make a determination of whether an appeal is premature is not at all comparable to the obligation of the court under Fed.R.Crim.P. 32(a)(2) to advise a defendant of the right to appeal after it imposes sentence. Thus, we will not follow *Jones* even though we have held with respect to Fed.R.Crim.P. 32(a)(2) "that the mandatory time for perfecting an appeal does not begin to run until the defendant is actually notified of his rights." *United States v. Deans,* 436 F.2d 596, 599

**3.** It should not, however, be inferred that on the facts in *Gargano* we would not reach the same result as here.

(3d Cir.), *cert. denied*, 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971).

We recognize that we could adopt a different approach to this case. Thus, in *United States v. Cortes*, 895 F.2d 1245 (9th Cir.1990), a defendant who was sentenced on July 24, 1988, filed a motion for a new trial on that day and then appealed on August 3, 1988. His motion for a new trial was denied on August 29, 1988, and, as he did not thereafter file a new notice of appeal, the government suggested that the appeal was a nullity. The court of appeals would not accept the government's contention because Fed.R.App.P. 4(b), unlike Fed. R.App.P. 4(a), does not expressly warn the criminal defendant that an appeal filed while a posttrial motion is pending is a nullity. The court rejected the approach of the Court of Appeals for the Seventh Circuit in *United States v. Gargano*, discussed above, as too harsh, at least if it is too late for the defendant to appeal again when the court of appeals rules as the district court has disposed of the posttrial motions. Furthermore, the *Cortes* court would not follow the opinion of the Court of Appeals for the Eighth Circuit in *United States v. Jones*, requiring a clerk to notify the defendant that the appeal is premature, as the *Cortes* court thought that procedure was too burdensome. 895 F.2d at 1246–47.

While we agree with the *Cortes* court regarding the *Jones* solution, we do not believe the *Gargano* approach is too harsh. Certainly it is not harsh here since the appellants will be free to pursue their remedies in the district court and, if unsuccessful, may appeal and raise any issue which can be properly raised on an appeal from judgments of sentence and conviction. We realize that in some other case a defendant might not be alerted to the procedural predicament caused by a premature appeal and thus may lose the opportunity to appeal if there is a disposition of the posttrial motions in the district court after the appeal is filed but before the court of appeals rules. Nevertheless we are satisfied that it is not unreasonable to expect a defendant to recognize that an appeal concerning the validity of a conviction should not be taken until the district court resolves questions relating to that issue properly raised by posttrial motions, at least if filed prior to sentencing.

These appeals will be dismissed.