**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**A. Leonard VARAH, Michael W.
Strand, and Galen J. Ross,
Defendants–Appellants.**

**Nos. 87–2320, 87–2354 and 87–2355.**

United States Court of Appeals,
Tenth Circuit.

Dec. 18, 1991.

Sheila Ginsberg Reisel & Steven Boyd Menack, Phillips, Nizer, Benjamin, Krim &

Ballon, New York City, for defendant-appellant A. Leonard Varah.

John T. Caine, Richards, Caine & Allen, Ogden, Utah, for defendants-appellants Michael W. Strand and Galen J. Ross.

Richard A. Stacy, U.S. Atty., Frances Leland Pico, Asst. U.S. Atty. and W. Brice Lahue, Sp. Asst. U.S. Atty., Cheyenne, Wyo., Jacob H. Stillman, Associate Gen. Counsel, Richard A. Kirby, Asst. Gen. Counsel, Joseph H. Harrington and Rada L. Potts, Attys., S.E.C., Washington, D.C., for plaintiff-appellee.

Before TACHA, BALDOCK and EBEL, Circuit Judges.

PER CURIAM.

This order reflects our reluctance to make merits dispositions while post-trial motions remain pending in district court. Defendants-appellants were convicted of conspiracy to commit mail fraud, 18 U.S.C. § 371. Defendant Varah also was convicted of mail fraud and securities fraud. 18 U.S.C. § 1341; 15 U.S.C. §§ 77q, 77x. Defendants Ross and Strand also were convicted of aiding and abetting mail fraud, 18 U.S.C. §§ 2, 1341. In August 1987, the district court sentenced the defendants before resolving post-trial motions filed in June 1987. The defendants then filed their notices of appeal from the judgments; the post-trial motions have yet to be resolved.[1]

These appeals were set for oral argument in September 1988. Oral argument was vacated. After a jurisdictional inquiry in November 1988, we retained jurisdiction, but partially remanded the cases to the district court for a decision on the pending post-trial motions. Our partial remand occurred in January 1989. In March 1991, a motions panel of this court again directed the district court to rule on the post-trial motions and enter a final order in ninety days. In October 1991, the district court had not resolved the post-trial motions, and a motions panel vacated our partial remand and set the cases for oral argument in January 1992.

■ Usually a defendant must appeal a judgment of conviction within ten days after its entry. Fed.R.App.P. 4(b). However, if judgment has been entered, but a timely filed motion for arrest of judgment, Fed.R.Crim.P. 34, or for a new trial on any ground other than newly discovered evidence, Fed.R.Crim.P. 33, is pending, a defendant may appeal within ten days after entry of an order denying such motions. Fed.R.App.P. 4(b). Likewise, if judgment has been entered, but a motion for new trial on the ground of newly discovered evidence is filed ten days before or after judgment is entered, a defendant may appeal ten days after entry of an order denying the motion. *Id.*

■ A motion for a new trial on the ground of newly discovered evidence may be made within two years after final judgment. Fed.R.Crim.P. 33. However, if an appeal is pending, the appeal divests the district court of jurisdiction to grant the motion, although the district court may consider the motion and either deny it on the merits or certify to the court of appeals its intention to grant the motion.[2] *Id.;*

---

1. Only rarely should sentencing precede resolution of timely filed post-trial motions pending at the time of sentencing because resolution of those motions may affect the underlying verdict. *See United States v. Hocking,* 841 F.2d 735, 736 (7th Cir.1988) ("It is not only senseless to impose sentence while reserving the possibility of granting an acquittal or new trial but also fraught with jurisdictional complications.").

2. Several cases have considered the jurisdiction of the court of appeals and the district court when an appeal from a criminal judgment is pending at the court of appeals and the defendant files a motion at the district court for a new trial on the ground of newly discovered

evidence. In such cases, the motion presumably has been filed after the time for filing a notice of appeal from the judgment has run. These cases recognize that the filing of a notice of appeal limits the jurisdiction of the district court. *See United States v. Ellison,* 557 F.2d 128, 132 (7th Cir.), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977). In such cases, this court will:

deny any motion to remand without prejudice, permitting the parties to proceed before the trial court on the motion, and grant a renewed motion to remand after the trial court has indicated its intent to grant the motion for a new trial. If the trial court denies the motion for a new trial, it can do so

*United States v. Cronic,* 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984); *United States v. Palmer,* 766 F.2d 1441, 1445 (10th Cir.1985).

■ "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hill v. Wampler,* 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283 (1936); *Miller v. Aderhold,* 288 U.S. 206, 210, 53 S.Ct. 325, 326, 77 L.Ed. 702 (1933). Title 28 U.S.C. § 1291 and Fed.R.App.P. 3 and 4 provide for a direct appeal of the judgment, notwithstanding that the district court has not resolved timely filed post-trial motions. Recognizing this, we recently considered the effect of certain post-trial motions on a timely filed notice of appeal from a judgment in criminal case. We held "that when a defendant files a motion that tolls the time for appeal, the motion holds the notice of appeal in abeyance and the notice becomes effective upon the disposition of the motion." *United States v. Jackson,* 950 F.2d 633, 635–36 (10th Cir.1991). Thus, a notice of appeal filed after a judgment, but before district court disposition of certain post-trial motions,[3] is effective. *See United States v. Cortes,* 895 F.2d 1245, 1246–47 (9th Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990). *Contra United States v. Davis,* 924 F.2d 501, 506 (3rd Cir.1991). But by holding the notice of appeal in abeyance, we allow the district court to consider claims of error so that we may review a criminal judgment which is final in the practical sense. *See Jackson,* 950 F.2d at 636.

Based upon *Jackson,* we must hold these appeals in abeyance until the district court rules on the post-trial motions. Accordingly, we VACATE these appeals from the January 1992 oral argument calendar and again partially REMAND the case to the district court, for the limited purpose of allowing that court to consider and rule upon all pending post-trial motions on or before February 4, 1992. At the conclusion of such proceedings, a supplemental record shall be filed in this court. We trust that it will not be necessary to resort to an extraordinary writ to gain compliance with this order. In all other respects, we retain jurisdiction over these appeals.

SO ORDERED.

---

without a remand from this court and appeal may be taken therefrom and consolidated with the original appeal if still pending. *Garcia v. Regents of the Univ. of Cal.,* 737 F.2d 889, 890 (10th Cir.1984). *See also United States v. Miller,* 869 F.2d 1418, 1419–20 (10th Cir.1989) (court of appeals partially remanded case when district judge certified that he would reconsider denial of motion for new trial). If the original appeal has been withdrawn or otherwise decided, the denial will be considered as an independent appeal. *United States v. Hays,* 454 F.2d 274, 275 (9th Cir.1972). In such circumstances, we are cautious not to remand without assurance that the motion will be granted, for we have held that an unconditional remand of the case by the court of appeals to the district court

terminates our jurisdiction over the appeal from the judgment. *United States v. Siviglia,* 686 F.2d 832, 836 (10th Cir.1981), *aff'd on reh'g en banc,* 686 F.2d 836 (10th Cir.1982), *cert. denied,* 461 U.S. 918, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983). All we may consider thereafter is an appeal from the grant or denial of the motion for a new trial. *Id.*

3. These post-trial motions include: (1) a timely-filed motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence, or (2) a motion for a new trial based upon newly discovered evidence filed ten days before or after entry of judgment.