**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Thomas Howard GARRISON,**
**Defendant–Appellant.**

**No. 90–5782.**

United States Court of Appeals,
Eleventh Circuit.

June 23, 1992.

James R. Gailey, Federal Public Defender, Gregory A. Prebish, and Helen C. Trainor, Asst. Federal Public Defenders, Miami, Fla., for defendant-appellant.

Linda Collins Hertz, Alice Ann Burns, and Debra J. Stuart, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before ANDERSON and COX, Circuit Judges and RONEY, Senior Circuit Judge.

ANDERSON, Circuit Judge:

This case raises the question of whether in a criminal case this court has jurisdiction to entertain an appeal which was filed after entry of judgment, but before the district court ruled on a motion for a new trial. We conclude that we have jurisdiction, and we affirm.

### I.  FACTS AND PROCEDURAL HISTORY

On June 27, 1990, appellant, Thomas Garrison, was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On July 3, 1990, Garrison filed a timely motion for a new trial.[1] On August 30, 1990, Garrison was sentenced. On September 4, 1990, the district judge entered judgment notwithstanding that he had not yet ruled on Garrison's motion for a new trial. On September 14, 1990, Garrison filed a notice of appeal. On

---

**1.** Fed.R.Crim.P. 33 provides in pertinent part: A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

January 22, 1991, Garrison filed his initial brief with this court raising the following issues: (1) that there is insufficient evidence to support the conviction; (2) that the district court erred in denying Garrison's motion to strike the government's notice of enhanced penalty; and (3) that Garrison is entitled to a new trial because the verdict was a compromise verdict as the jury recommended "leniency" on the verdict form. Thereafter, on April 5, 1991, approximately nine months after Garrison filed his motion for a new trial and approximately seven months after the notice of appeal was filed, the district court entered a written order denying Garrison's motion for a new trial.[2] No new notice of appeal was filed after the disposition of this motion.

Because this case presented the jurisdictional question involving the effectiveness of an appeal filed while there are motions still pending before the district court, we asked the parties to address the issue at oral argument.

## II.  JURISDICTION

### A.  Civil Cases

In civil cases, an appeal filed before the disposition of various post-trial motions is a nullity. Fed.R.App.P. 4(a)(4), which governs appeals in civil cases, was amended in 1979 to provide:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial.... A notice of appeal filed before the disposition of ... the above motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

**2.** There is no indication in the record as to what brought the motion to the district court's attention at this time.

Prior to 1979, if a notice of appeal in a civil case were filed after a timely filed motion, the district court retained jurisdiction to decide the motion. Nevertheless, the notice of appeal was not considered a nullity and was adequate to start the appeals process. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (citations omitted); *Stokes v. Peyton's Inc.*, 508 F.2d 1287 (5th Cir.1975).[3]  Many courts permitted the appeal to proceed as long as there was no prejudice from the premature filing of the appeal. *See Williams v. Town of Okoboji*, 599 F.2d 238 (8th Cir.1979); *see also* 15B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3915.5 at 314–315 (1992). This result, in theory, permitted the appellate court and the district court to assert jurisdiction simultaneously.

Following the 1979 amendment, however, an appeal filed before the district court rules on certain enumerated motions is considered a nullity, and the appellant has the burden of filing again following the district court's disposition of those motions. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. at 61, 103 S.Ct. at 403, the Supreme Court explained that to permit a "premature" notice of appeal to proceed would go against the plain language of Rule 4(a)(4). In fact, the Court stated that the filing of a premature notice of appeal is as "if no notice of appeal is filed at all." *Id.* at 61, 103 S.Ct. at 403. *See also* 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, & Eugene Gressman, *Federal Practice and Procedure* § 3950 (Supp. 1991).

### B.  Rule 4(b): The Case Law in Criminal Appeals

While the rule governing civil appeals, Rule 4(a)(4), was amended in 1979 to provide that a notice of appeal filed prior to the entry of an order disposing of certain post-trial motions is invalid, the rule gov-

**3.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

erning criminal appeals, Rule 4(b), was not similarly amended. *See United States v. Curry,* 760 F.2d 1079, 1080 (11th Cir.1985) (noting differences between 4(a)(1) and 4(b)). Rule 4(b) provides in relevant part:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof. If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment.

Since 1979, various courts of appeals have considered the effect of filing a notice of criminal appeal while certain timely post-trial motions are pending.[4] A sharp conflict among the circuits has emerged. The Third and Seventh Circuits have concluded that such a notice of appeal is a nullity. *See United States v. Davis,* 924 F.2d 501 (3d Cir.1991); *United States v. Gargano,* 826 F.2d 610 (7th Cir.1987); *United States v. Naud,* 830 F.2d 768 (7th Cir.1987). The Ninth and Tenth Circuits have held that such a notice of appeal is effective. *See United States v. Cortes,* 895 F.2d 1245 (9th Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990); *United States v. Varah,* 952 F.2d 1181 (10th Cir. 1991). The Eighth Circuit has adopted an intermediate approach dismissing the premature appeal but requiring the clerk of court to notify defendants in cases where premature appeals are filed that a new

notice of appeal must be filed within ten days after the denial of the motion for a new trial or in arrest of judgment. *United States v. Jones,* 669 F.2d 559, 561 (8th Cir.1982).

In *Davis,* the Third Circuit held that an appellate court does not have jurisdiction to entertain an appeal filed after a post-trial motion is made but before it has been ruled on by the district court. 924 F.2d at 503–04. The court noted that 4(b), unlike 4(a), does not state that a notice of appeal filed before the disposition of a timely motion is a nullity. *Id.* Nonetheless, the court reasoned that concerns for judicial economy dictated that a like result should be reached. *Id.* The court stated that, as long as the district court maintained jurisdiction over pending motions, the appellate court "should be reluctant to hear a premature appeal lest it interfere with ongoing matters in the district court." 924 F.2d at 504. In essence, the Third Circuit was concerned that two courts would be addressing the same case simultaneously. Therefore, the *Davis* court decided that the best course was to dismiss the appeal in the case before it so that the district court could rule on the pending motion. After the district court ruled, the party would be free to appeal that disposition. Although the court recognized the potential trap for the unwary in other cases, the court concluded that a dismissal of the appeal would not be unfair to the appellants in the case before it because they would have notice that a new appeal should be filed following the time when the case was completed in the district court. 924 F.2d at 506.

Similarly, the Seventh Circuit, in *United States v. Gargano,* 826 F.2d 610 (7th Cir. 1987) and *United States v. Naud,* 830 F.2d 768 (7th Cir.1987), held that the appellate court does not have jurisdiction over an appeal that is filed when there are pending motions in the district court. For example, in *Gargano,* the court held that the appellate court did not have jurisdiction over an

---

**4.** These post-trial motions are: (1) a timely-filed motion in arrest of judgment, (2) a timely-filed motion for a new trial on any ground other than newly discovered evidence, or (3) a motion

for a new trial based upon newly discovered evidence filed ten days before or after entry of judgment.

appeal when the party, after filing the appeal, submitted in the district court a motion for reconsideration of a previous order denying motions for a reduction of sentence under Fed.R.Crim.P. 35. The court stated that "the filing of a motion to reconsider the denial of a Rule 35 motion nullifies a notice of appeal filed before the motion to reconsider is decided." 826 F.2d at 612.

The Eighth Circuit, in *United States v. Jones,* 669 F.2d 559 (8th Cir.1982), adopted an intermediate position. In *Jones,* the defendant appealed while a timely motion for a new trial was pending in the district court. The court stated that an appeal that precedes the disposition of the post-trial motions mentioned in Rule 4(b) is premature and "should be summarily dismissed without prejudice." 669 F.2d at 561. Nonetheless, the court was concerned that, in cases where a defendant is not notified that his appeal has been prematurely filed, he will be deprived of his appeal rights. Therefore, the court directed the clerk of court in subsequent cases "to notify the defendant that his notice of appeal is ineffective as premature, and to explain that a new notice of appeal must be filed within ten days after denial of the motion for a new trial or in arrest of judgment." *Id.* However, because the appellant in the case before it did not receive such notice, the court retained the case and exercised its appellate jurisdiction. *Id.*

In *United States v. Cortes,* 895 F.2d 1245 (9th Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990), the Ninth Circuit, reaching a result different from that of the Third, Seventh, and Eighth Circuits, held that the notice of appeal was effective despite the pendency of a motion for a new trial in the district court. The court reasoned that a criminal appellant's attorney, relying on the fact that the civil rule expressly requires a new notice of appeal after the district court's disposition of all motions while the criminal rule does not, could reasonably conclude that a new notice of appeal was not required after the disposition of motions. 895 F.2d at 1247. The court stated that requiring a new notice of appeal to be filed

following the disposition of outstanding motions would be a trap for the unwary appellant. *Id.* at 1246–47.

The Tenth Circuit adopted the same reasoning and the same result as the Ninth Circuit in *Cortes. See United States v. Varah,* 952 F.2d 1181 (10th Cir.1991) (notice of appeal filed after entry of judgment but before disposition of post-trial motions is effective though appeal held in abeyance until the disposition of the motions in the district court); *United States v. Jackson,* 950 F.2d 633 (10th Cir.1991).

## C. This Case

In this case, Garrison urges this court to adopt the reasoning employed and result reached by the Ninth and Tenth Circuits and to permit his notice of appeal to be effective despite the pendency of the motion for a new trial. For several reasons, we agree with appellant that his notice of appeal is effective.

We believe that requiring a defendant to file a second appeal after the disposition of certain post-trial motions would prove to be a trap for the unwary litigant. Rule 4(b) does not explicitly warn criminal appellants, as Rule 4(a)(4) does civil appellants, of the consequences of a premature appeal. Because Rule 4(a)(4) expressly provides that a notice of appeal in a civil case filed before the disposition of certain post-trial motions is a nullity, and because Rule 4(b) has no analogous provision with respect to criminal appeals, an attorney or pro se litigant could reasonably conclude that a notice of appeal in a criminal case would remain effective notwithstanding the pendency of post-trial motions in the district court. Precedent in this circuit supports the reasonableness of such an interpretation. *See United States v. Curry, supra,* 760 F.2d at 1079–80 (permitting premature notice of appeal to be effective).

It is true that the interests of judicial economy argue against simultaneous jurisdiction in the district court and the court of appeals, *see Griggs, supra; United States v. Davis, supra.* However, that problem can be alleviated by holding the appeal in abeyance until the disposition of all mo-

tions in the district court and by remanding to the district court in appropriate cases. *See Varah,* 952 F.2d at 1182–83; *Jackson,* 950 F.2d at 635–36. We cannot foresee any situation in which such a resolution would not serve the interests of judicial economy just as efficiently as would a dismissal for lack of jurisdiction. Such a solution is not only more faithful to the language of Rule 4(b), but it also avoids trapping the unwary.[5] In addition, we also note that our holding conforms to the proposed amendment to Rule 4(b).[6] *See Jackson,* 950 F.2d at 635 n. 2.

■ We conclude, therefore, that Garrison's notice of appeal was effective, despite the pendency of his motion for a new trial.[7]

---

**5.** We note that at least one treatise recommends that a premature notice of appeal in a criminal case be given effect. *See* 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, & Eugene Gressman, *Federal Practice and Procedure* § 3950, at 415 & n. 10.17 (1977 & Supp.1991) ("If the notice of appeal [in a criminal case] is filed before disposition of a timely post-trial motion for reconsideration or a new trial, the better rule is that the notice can be given effect as a premature notice without the need to file a new notice of appeal that would be required in a civil action by Rule 4(a)(4).").

**6.** While we are aware that the following proposed amendment still has the status of only a proposal, we believe that the proposed changes support our analysis.

Under the amendments, Rule 4(b) would provide in pertinent part:

In a criminal case a defendant shall file the notice of appeal in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. If a timely motion under the Federal Rules of Criminal Procedure is made: (i) for judgment of acquittal, (ii) for arrest of judgment, (iii) for a new trial on any ground other than newly discovered evidence, or (iv) for a new trial based on the ground of newly discovered evidence if the motion is made before or within 10 days after the entry of the judgment, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order disposing of the last of all such motions, or within 10 days after the entry of the judgment of conviction, whichever is later. *A notice of appeal filed after announcement of a decision, sentence, or order but before disposition of any of the above motions shall be in abeyance and shall become effective upon the day of the entry of an order that disposes of the last of all such motions, or upon the date of the entry of the judgment of the conviction, whichever is later. Notwithstanding the provisions of Rule 3(c), a valid notice of appeal is effective without amendment to appeal from an order disposing of any of the above motions....*

Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Criminal Procedure and the Rules Governing Section 2255 Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code (August 1991) at 10–11 (emphasis added).

The Committee Note following the amendment states:

The amendment ... states that notices of appeal filed before disposition of any of the post trial *tolling motions* shall become effective upon disposition of the motions. In most circuits this language simply restates the current practice, *see United States v. Cortes,* 895 F.2d 1245 (9th Cir.1990). However, two circuits have questioned that practice in light of the language of the rule, *see United States v. Gargano,* 826 F.2d 610 (7th Cir.1987), and *United States v. Jones,* 669 F.2d 559 (8th Cir. 1982), and the committee wishes to clarify the rule.

*Id.* at 17.

**7.** As an alternative argument, the government asserts that, if we permit the appeal to be effective notwithstanding the pending motion, the premature appeal would not encompass the district court's subsequent denial of the motion for a new trial. We need not address that argument in this case. Here, the issues which Garrison raises in his direct appeal from the conviction and sentence encompass all of the issues which Garrison presented to the district court in his motion for a new trial. Thus, the issues are properly before us on appeal from the judgment of conviction and sentence, whether or not the district court's denial of the motion for a new trial is before this court. In any event, see *Richardson v. United States,* 360 F.2d 366, 369 (5th Cir.1966) (court did not require a separate appeal to be filed despite the fact that the district court did not rule on the motion for a new trial until after the appeal had been filed); *Varah,* 952 F.2d 1181 (10th Cir.1991) (permitting a supplemental record to be filed with the appellate court to encompass any grounds of error from a denial of the motion for a new trial that is entered after the appeal is filed); *Gray v. United States,* 299 F.2d 467 (D.C.Cir.1962); 3 Charles Wright, *Federal Practice and Procedure* § 559 at 367 (1982). *See also United States v. Wilson,* 894 F.2d 1245 (11th Cir.), *cert. de-*

We proceed then to the merits of Garrison's claims.

### III.  MERITS

Garrison has raised the following arguments on appeal: (1) that his conviction is based on insufficient evidence; (2) that the district court erred in denying his motion to strike the government's notice of enhanced penalty under 18 U.S.C. § 924(e); and (3) that the district court erred in failing to grant him a new trial. We conclude that Garrison's arguments are without merit and, therefore, warrant no discussion.

Accordingly, the judgment of the district court is AFFIRMED.

*nied,* —— U.S. ——, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990) (a second notice of appeal not required even in the case of a denial of a motion for a new trial based on newly discovered evidence).