**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ricky Allen RIDL, Defendant–Appellee.**

**No. 93–2009.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 18, 1994.

Decided June 13, 1994.

Cameron W. Hayden, Asst. U.S. Atty., Bismarck, ND, for appellant.

Rodney K. Feldner, Mandan, ND, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

The government appeals from the district court's judgment granting Ricky Allen Ridl's motion for a reduction of his sentence originally imposed in September 1991. The district court granted the reduction based on a 1992 amendment to U.S.S.G. § 3E1.1, which provides for an additional one-level reduction for acceptance of responsibility in cases where the base offense level is 16 or greater. The government argues that the district court erred in granting the motion because the amendment to U.S.S.G. § 3E1.1 was not made retroactive and does not apply to Ridl. Ridl argues that the government's appeal is untimely and that we thus lack jurisdiction over this appeal. We conclude that the government's appeal is timely, and we vacate the district court's judgment and remand for reimposition of the original sentence.

The facts are not in dispute. In September 1991, the district court sentenced Ridl to 51 months of imprisonment after he pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). In December 1992, he filed a motion to reduce his sentence requesting an additional one-level decrease in his base offense level under the 1992 amendment to U.S.S.G. § 3E1.1(b), which became effective in November 1992. On January 19, 1993, the district court entered an order granting Ridl's motion and reducing his sentence to 46 months of imprisonment.

On January 29, 1993, the government filed a motion for reconsideration. On February 18, 1993, before the court had ruled on the motion for reconsideration, the government filed a notice of appeal from the court's January 19, 1993, order. On March 15, 1993, the district court entered an order stating that, assuming it had jurisdiction, it denied the motion for reconsideration. On March 29, 1993, we dismissed the government's appeal as premature. On April 7, 1993, the government filed a new notice of appeal from the court's January 19, 1993, judgment and its March 15, 1993, order.

Ridl argues that the government's February 18, 1993, notice of appeal divested the district court of jurisdiction to rule on the government's motion for reconsideration, and that the district court's March 15, 1993, order was entered without authority and is thus unappealable. He also argues that the government's attempt to appeal the January 19, 1993, judgment is untimely because more than thirty days elapsed between the January 19, 1993, judgment and the government's April 7, 1993, notice of appeal. We disagree.

The government must file its notice of appeal in a criminal case within thirty days after the entry of (1) the judgment or order appealed from, or (2) a notice of appeal by any defendant. Fed.R.App.P. 4(b). A timely request for rehearing or reconsideration tolls the running of the time for filing an appeal in a criminal case. *United States v. Woodruff,* 596 F.2d 798, 799 (8th Cir.1979) (discussing *United States v. Healy,* 376 U.S. 75, 77–80, 84 S.Ct. 553, 554–556, 11 L.Ed.2d 527 (1964) (government's petition for rehearing), and *United States v. Dieter,* 429 U.S. 6, 7–9, 97 S.Ct. 18, 19–20, 50 L.Ed.2d 8 (1976) (government's motion to set aside dismissal)); *see also United States v. Ibarra,* — U.S. —, 112 S.Ct. 4, 5–6, 116 L.Ed.2d 1 (1991). The government's motion for reconsideration was timely and filed well within the thirty-day appeal period. *See Healy,* 376 U.S. at 78, 84 S.Ct. at 555. The government's motion thus postponed the commencement of the thirty-day period for appealing the January 19, 1993, judgment until after the motion for reconsideration had been ruled upon.[1]

---

1. We acknowledge that "the Federal Rules of Appellate Procedure make no express provision for the situation where a notice of appeal is filed in a criminal case before a timely motion to reconsider the judgment ... is acted on." *Gargano,* 826 F.2d at 612. However, we find, as did

■ Ridl also argues that the government's February 18 notice of appeal divested the district court of jurisdiction to rule on the government's motion for reconsideration and rendered the March 15 order a nullity, which cannot be appealed. While we have never addressed this precise issue, other circuit courts have addressed the issue and have concluded that the filing of the motion for reconsideration reinvested jurisdiction in the district court. *See United States v. Greenwood,* 974 F.2d 1449, 1467–69 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993); *United States v. Gargano,* 826 F.2d 610, 612 (7th Cir.1987). We agree that this is the proper resolution of this issue.

This is consistent with the approach we took in *United States v. Jones,* 669 F.2d 559, 560–61 (8th Cir.1982), where we discussed the effect of a notice of appeal filed before the disposition of a timely posttrial motion. We held that a notice of appeal in a criminal case should follow and not precede disposition of posttrial motions. We concluded that a defendant convicted in a criminal case acts prematurely by filing a notice of appeal before the district court has ruled on a timely motion for a new trial or a motion in arrest of judgment. We stated that such an appeal should be dismissed without prejudice. Hence, we essentially allowed jurisdiction to return to the district court to address the merits of the intervening motion before proceeding with the appeal.

In this case we followed *Jones* and dismissed the government's February 18, 1993, appeal as premature because the government's timely motion for reconsideration was still pending. Because we dismissed the February 18, 1993, notice of appeal as premature and essentially without effect, the district court retained jurisdiction to rule on the motion for reconsideration, and the thirty-day appeal period ran anew from the time the district court denied the government's motion on March 15, 1993. The government's April 7, 1993, notice of appeal was filed within thirty days of the court's March 15, 1993, order denying the motion for reconsideration and was thus timely. Accordingly, we have appellate jurisdiction over this case.

■ We now turn to the merits. We agree with the government that the district court erred when it applied Guidelines § 3E1.1(b) retroactively to reduce Ridl's sentence. We decided the same issue raised here in another case decided today. *United States v. Walsh,* 26 F.3d 75 (8th Cir.1994). *See also United States v. Dowty,* 996 F.2d 937, 939 (8th Cir.1993). Ridl nonetheless urges us to remand for further consideration and sentencing rather than to vacate his new sentence. We see no purpose in remanding for resentencing. A prior judgment—in which the district court sentenced Ridl at the bottom of the Guideline range—already exists. *Cf. United States v. Fraley,* 988 F.2d 4, 5–7 (4th Cir.1993) (reinstating original sentence where district court improperly modified it after sentencing).

Accordingly, we vacate the district court's amended judgment, and we remand this matter with directions to reinstate Ridl's original sentence.

the Seventh Circuit, that the approach we adopt here efficiently allocates judicial resources and is logical. We do note that the 1993 amendment to

Fed.R.App. 4(b) adopts this same technique for certain specified posttrial motions.