[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13824
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01787-LMM


EVERITTE QUARLES,

                                                            Petitioner - Appellee,

                              versus

GARRETT HAMLER,

                                                            Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 10, 2016)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

This appeal concerns a lawsuit brought by Everitte Quarles against Garrett Hamler, a musician and music producer.  For five years Hamler employed Quarles as a personal security guard.  In 2010 Quarles sued Hamler for overtime pay under the Fair Labor Standards Act (FLSA).  A jury awarded Quarles $65,497.50, and the district court also awarded the same amount in liquated damages, along with attorney's fees.  Hamler raises three claims on appeal.  First, he says Quarles was not his employee for FLSA purposes.  Second, he says he shouldn't owe liquidated damages.  Third, he says the district court awarded excessive attorney's fees.  Hamler did not properly designate his first and third claims for appeal, so we lack jurisdiction over them.  His second claim is without merit, so we reject it.

I.

Each of Hamler's three claims relates to a separate order issued by the district court.  The first claim arises from the district court's May 12, 2015, order, which found that Quarles was Hamler's employee for FLSA purposes.  This order followed a one-day bench trial on this question and stated that "[t]he case will now proceed to a jury trial for determination of the remaining issues."  After a jury trial took place, the court awarded Hamler liquidated damages in an order dated July 23, 2015.  These damages are the subject of Hamler's second claim.  At the time the court issued its July order, Quarles still had a motion for attorney's fees pending.  The July order closed the case, while noting that "[t]he case does not

2

have to be formally open for the Court to rule on the remaining issues as to costs and attorney's fees." Within a month of the July order, Hamler filed a notice of appeal which said he was "appealing to the Eleventh Circuit Court of Appeals from this Court's July 24, 2015 Order awarding Plaintiff liquidated damages in the amount of $65,497.50." Then, on September 25, 2015, a month after that notice of appeal, the district court granted Quarles's motion for attorney's fees. Hamler filed no notice of appeal regarding the September attorney's fees order. This September order is the subject of Hamler's third claim.

Quarles says we lack subject matter jurisdiction over Hamler's first and third claims (about his FLSA status and the attorney's fees) because they were not referenced in the single notice of appeal that Hamler filed. Quarles is right. The Supreme Court has "ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366 (2007). And though "we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987).

Here, no such "overriding intent" was apparent in Hamler's notice of appeal. To the contrary, the notice of appeal referenced the ruling on liquidated damages

3

by date and described what the ruling did.  The notice of appeal did not mention or even allude to any other order, judgment, or issue.  "[W]here some portions of a judgment and some orders are expressly made a part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." Id. at 1529.  Hamler expressly made the district court's order awarding liquidated damages "a part of the appeal" and never referenced the court's prior order regarding Hamler's FLSA status.  And the district court had not even ruled on attorney's fees at the time Hamler filed his one notice of appeal.  See United States v. Garrison, 963 F.2d 1462, 1463 (11th Cir. 1992) ("[T]he filing of a premature notice of appeal is as 'if no notice of appeal is filed at all.'" (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403 (1982)).

Even assuming though that the notice of appeal was sufficient and that we have jurisdiction over these two claims, the district court is due to be affirmed.  For the claim about FLSA status, the district court was presented with facts sufficient to find that Quarles was Hamler's employee.  "[T]he overarching focus of the inquiry" into whether a plaintiff was the defendant's employee rather than an independent contractor "is economic dependence."  Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1312 (11th Cir. 2013).  "[I]n considering economic dependence, the court focuses on whether an individual is in business for himself or is dependent upon finding employment in the business of others."  Id. (quotation

4

omitted).  Quarles presented plenty of evidence on this score.  Quarles showed that he did not work for anyone else during the entire five years that he worked for Hamler.  Indeed Hamler expected Quarles to guard him at all times that Hamler was working or traveling, and the district court found that Hamler told Quarles he could not work for anyone else.  These findings amply support the district court's finding that Quarles was Hamler's employee.

As for the attorney's fees, "[p]revailing plaintiffs are automatically entitled to attorneys' fees and costs under the FLSA."  Dale v. Comcast Corp., 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).  Hamler claims the district court awarded excessive attorney's fees, but provides no legal or evidentiary support for why this is so.  The district court's 17-page order on attorney's fees thoroughly analyzed Quarles's motion and reasonably reduced Quarles's request by 30 percent.  Even assuming our jurisdiction over this claim, we see no basis for holding that the district court abused its discretion.  See Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) ("The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion.").

## II.

This leaves the one claim designated by Hamler in his notice of appeal: whether he should owe liquidated damages.  For a claim like this, we review

findings of fact for clear error and legal conclusions de novo.  Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991).  "Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."  Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008).  However, a district court "may, in its sound discretion, award no liquidated damages" "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the FLSA] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of [FLSA]."  29 U.S.C. § 260.  The employer bears the burden of proof on this issue.  Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).

The district court had an ample basis to find that Hamler did not act in good faith.  The court's decision about good faith was largely based on its finding that the "testimony regarding [Hamler's] reliance on his accountants' advice" was not credible.  And Hamler's argument on appeal also turns primarily on the court's "fail[ure] to consider" the testimony on this issue as well.  But "[i]t is the exclusive province of the judge in non-jury trials to assess the credibility of witnesses and to assign weight to their testimony."  Hearn v. McKay, 603 F.3d 897, 904 (11th Cir. 2010) (per curiam) (quotation omitted).  For this reason "[w]e accord great deference to the district court's credibility determinations."  United States v. Clay, 376 F.3d 1296, 1302 (11th Cir. 2004) (quotation omitted).  The court heard

testimony from Hamler and his accountant and decided that Hamler did "not demonstrate[] that he objectively acted in good faith."  We see no basis to override the court's credibility determination.

Also, though the jury found that Hamler did not willfully or recklessly violate FLSA, we have held that this finding doesn't preclude liquidated damages. This is because the burden for proving willfulness is with the employee, but the burden for proving good faith is with the employer.  See Rodriguez, 518 F.3d at 1274.  The district court had an ample basis to find that Hamler did not meet his burden as the employer.  In any event, 29 U.S.C. § 260 merely provides that a district court "may, in its sound discretion, award no liquidated damages" "if the employer shows to the satisfaction of the court" that he acted in good faith.  So, even if Hamler had proved he acted in good faith, the court still would have been within its discretion to award liquidated damages.  Hamler has not proven that the district court abused its discretion when it chose to award liquidated damages here.

**AFFIRMED.**