UNITED STATES of America,
Plaintiff–Appellee,

v.

Carl Robert CHRISTY, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Carl Robert CHRISTY, Defendant–
Appellant.

Nos. 92–6973, 92–6999.

United States Court of Appeals,
Fourth Circuit.

Argued March 31, 1993.

Decided Sept. 1, 1993.

Frank Joseph Petrella, Atlanta, GA, argued, for defendant-appellant.

Cynthia Ann Young, U.S. Dept. of Justice, Washington, DC, argued (Margaret Person Currin, U.S. Atty., J. Douglas McCollough, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, HALL, Circuit Judge, and FABER, District Judge for the Southern District of West Virginia, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

Carl Robert Christy appeals the district court's denial of his motion for a new trial based upon newly discovered evidence. We affirm.

### I.

In July 1989, Christy was convicted in a jury trial of conspiring to possess with the intent to distribute more than five kilograms of cocaine, 21 U.S.C. § 846, and sentenced to 300 months of imprisonment to be followed by five years of supervised release. This Court affirmed Christy's conviction in an unpublished *per curiam* opinion. *See United States v. Christy*, 911 F.2d 725 (4th Cir.1990).

Following his conviction, Christy began conducting *pro se* legal research in an effort to overturn his conviction. In December 1991, Christy discovered that on October 21, 1986, Congress changed the group of individuals in the United States Department of Justice who were empowered to "authorize an application" seeking court-approved electronic surveillance. *See* 18 U.S.C. § 2516(1). Christy interprets the statute to say that an order authorizing electronic surveillance must be made by the Attorney General or an Assistant Attorney General in the Criminal Division. In Christy's case the order was authorized by Charles Cooper, an Assistant Attorney General assigned to the Office of Legal Counsel, a separate division.

On August 27, 1992, Christy filed a motion for a new trial based on newly discovered evidence. The motion argued that the alleged error in the electronic surveillance order precluded the introduction of all of the evidence gained through electronic surveillance.

On September 3, 1992, the district court denied Christy's motion. The thrust of the district court's ruling was that Christy had failed to produce "new evidence" because all of the "evidence" asserted in the motion was available at the time of Christy's trial. Additionally, the court rejected Christy's argument on its merits.

On September 11, 1992, Christy filed a notice of appeal and, simultaneously, a motion for reconsideration.[1] The district court dismissed the motion for reconsideration on September 17, 1992, on the ground that the filing of the notice of appeal divested it of jurisdiction. Christy appealed that decision as well. We consolidated the two appeals.

## II.

Each party raises a threshold argument against our reaching the merits of Christy's appeal. Christy argues that the district court erred when it concluded that the September 11, 1989, notice of appeal divested it of jurisdiction to rule upon his motion for reconsideration. Although Christy does not specify the effect of this alleged error, we assume that he seeks to have the case remanded so that the district court may rule upon the motion to reconsider. The government argues that, even though we have jurisdiction over the case, we should hold the appeal in abeyance until the district court rules upon the motion for reconsideration.

**A.** *Does this Court have jurisdiction to consider the appeal?*

Following the district court's denial of Christy's motion for a new trial based upon newly discovered evidence, he was left with two options. First, if he had moved for reconsideration before filing his notice of appeal, the district court would have been required to rule upon the motion. If the motion were denied, under *Healy, Dieter,* and *Ibarra* (*see* footnote 1, supra) Christy would then have had ten days in which to file a notice of appeal. Christy's second option was to forgo a motion for reconsideration and proceed directly with his appeal.

We conclude that Christy chose the second course of action, albeit unwittingly. When the September 11, 1989, notice of appeal was filed, there were no pending motions before the district court. Because the district court's judgment was final, when the notice of appeal was filed it divested the district court of its jurisdiction over the case and conferred jurisdiction upon this Court.[2] *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("[It is] generally understood that a federal district court and a

---

**1.** At oral argument, Christy's counsel explained that he filed the motions simultaneously because he thought the time to file Christy's notice of appeal might lapse while the district court considered the motion for reconsideration. This worry was misguided. If a would-be appellant files a timely motion for reconsideration, the time period for filing the notice of appeal starts after the motion has been ruled upon. *See United States v. Ibarra,* —— U.S. ——, —— n. 2, 112 S.Ct. 4, 5 n. 2, 116 L.Ed.2d 1 (1991) (would-be appellants who file a timely motion for reconsideration are entitled to the full time period for noticing the appeal after the motion to reconsider has been decided); *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976) (same); *United States v. Healy,* 376 U.S. 75, 78–79, 84 S.Ct. 553, 555–56, 11 L.Ed.2d 527 (1964) (same); *see also United States v. Greenwood,* 974 F.2d 1449, 1466 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993).

**2.** We recognize that the Third, Seventh, and Eighth Circuits have analogized to Fed.R.App.P. 4(a)(4)'s treatment of civil cases to hold that the act of filing a motion for reconsideration in a criminal case destroys the notice of appeal, leaving jurisdiction in the district court. *See United States v. Davis,* 924 F.2d 501, 503–06 (3d Cir.

1991) (pending motion for new trial nullified subsequent notice of appeal); *United States v. Gargano,* 826 F.2d 610, 611–12 (7th Cir.1987) (subsequent motion for reconsideration nullified otherwise valid notice of appeal); *United States v. Jones,* 669 F.2d 559, 561 (8th Cir.1982) (pending motion for a new trial nullified subsequently filed notice of appeal; clerk's office must notify defendant that notice of appeal was vacated).

In our view, Rule 4(a)(4) does not apply to criminal cases. *See In re Grand Jury Subpoenas, 89–3 and 89–4,* 902 F.2d 244, 246–47 (4th Cir. 1990) (criminal rather than civil rules governed appeal in the grand jury context; district court's failure to resolve a *pending* motion for reconsideration did not cause a subsequently filed notice of appeal to be nullified, absent a showing of prejudice to the appellee); *see also United States v. Greenwood,* 974 F.2d 1449, 1466 (5th Cir. 1992) (defendants' notices of appeal were not nullified by the government's subsequent motion to reconsider); *United States v. Cortes,* 895 F.2d 1245, 1247 (9th Cir.) (pending motion for a new trial did not destroy subsequently filed notice of appeal), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990); *United States v. Varah,* 952 F.2d 1181, 1182–83 (10th Cir.1991) (same); *United States v. Garrison,* 963 F.2d 1462, 1463–1466 (11th Cir.) (same), *cert. denied,* —— U.S. ——, 113 S.Ct. 393, 121 L.Ed.2d 301 (1992).

federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citations omitted); *United States v. Perate*, 719 F.2d 706, 711 (4th Cir.1983) (filing of notice of appeal terminated the district court's jurisdiction over the case); *cf. United States v. Ball*, 734 F.2d 965, 965 n. 1 (4th Cir.1984) (district court is without jurisdiction to consider motions submitted after the appeal was filed), *vacated on other grounds*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

### B. *Should the appeal be held in abeyance?*

■ Having determined that we have jurisdiction over the appeal, we now address the issue of whether prudential concerns require us to hold Christy's appeal in "abeyance" until the district court rules upon the merits of his motion to reconsider.[3] We note that the Fifth Circuit has adopted such a rule. *See Greenwood*, 974 F.2d at 1468–69 (court takes a pragmatic approach rejecting the "traditional notion of mutual exclusivity of jurisdiction").[4]

Perhaps judicial economy will be best served in some cases, by allowing the district court to pass upon a motion for reconsideration that has been filed subsequent to a notice of appeal. However, this does not require us to adopt a *per se* rule that an appeal must be held in abeyance until the district court issues an advisory opinion about what it would do with the case if it had

the opportunity. If an appellant believes that his motion should be ruled upon by the district court rather than the appellate court, he may move this Court to remand the case under Fed.R.App.P. 27. If we agree that the district court is peculiarly situated to consider the alleged error, we can then grant the appellant's motion to remand.

Except for his desire to receive an additional bite at the apple, Christy offers no reason why this case must be reviewed (again) by a district rather than an appellate court.

### III.

We now address the district court's denial of Christy's motion for a new trial based upon newly discovered evidence. The standard of review is whether the district court abused its discretion. *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir.1985).

Motions for a new trial based upon newly discovered evidence are reviewed pursuant to the five-prong test adopted in *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir.1989):

> (i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in acquittal at a new trial?

The defendant must satisfy all five prongs of the test in order to receive a new trial. *Id.*

■ The fundamental problem with Christy's argument is that there is no new "evidence." Christy's motion was triggered

---

3. Presumably, this course would require us to wait until the district court certifies that it intends to either grant or deny Christy's motion for reconsideration. An analogous provision is contained in Fed.R.Crim.P. 33. *See United States v. Russell*, 971 F.2d 1098, 1112 n. 28 (Under Fed. R.Crim.P. 33, a district court, despite the pendency of an appeal, has the jurisdiction to hold a hearing on a motion for a new trial based on new evidence. Although the district court is without jurisdiction to grant the motion, it may deny the motion or certify to the Court of Appeals that it intends to grant the motion, so that the Court of Appeals could, if it wished, entertain a motion to remand the case.) (citations omitted), *cert. de-*

*nied*, —— U.S. ——, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993); *see also* 8A James W. Moore et al., *Moore's Federal Practice* ¶ 33.03[2], at 33–23 (2d ed. 1991).

4. Two other courts of appeal hold an appeal in abeyance to allow the district court to rule on post-judgment motions that were pending when the notice of appeal was filed. *See Varah*, 952 F.2d at 1183 (by allowing district court to consider claims of error, court reviews a "criminal judgment that is final in the practical sense.") (Tenth Circuit); *Garrison*, 963 F.2d at 1465 (same) (Eleventh Circuit).

by legal research that led him to conclude that Congress had "limited the individuals in the United States Department of Justice who were empowered to 'authorize an application to a federal judge [for court-ordered surveillance].'" Christy's motion is a legal argument—not a motion based on new evidence.

 Additionally, even if we were to characterize this legal argument as evidence, it is not new. Before his trial, Christy had a copy of the October 22, 1986, "Authorization for Interception Order Application" that was signed:

Charles J. Cooper,

Assistant Attorney General

Office of Legal Counsel

Furthermore, the designation order and relevant Attorney General orders that Christy cites in support of his statutory construction argument were public records and were made available to Christy before the trial. Thus, there was no reason that this entire argument could not have been made at or before Christy's trial. This Court has previously held that a new trial will not be granted when the "evidence" could have been discovered by "the diligence of the defendant or his counsel." *United States v. Bales,* 813 F.2d 1289, 1295 (4th Cir.1987).

Because Christy fails to meet either of the first two prongs of the *Chavis* test, we need not address the merits of his statutory construction argument. The judgment of the district court is affirmed.

AFFIRMED.