UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4010

WON SHIK LIM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-93-203)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Blair D. Howard, HOWARD, LEINO & HOWARD, P.C., Alexan-
dria, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Robert A. Spencer, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Won Shik Lim appeals his conviction for conspiracy to commit extortion and attempted extortion in violation of 18 U.S.C. § 1951 (1994). Finding no error, we affirm the judgment.

After his conviction Lim moved for a new trial based upon newly discovered evidence. The newly discovered evidence was an affidavit from a co-conspirator, Chang Hyun Lee, stating that Lim was not present during an extortion that was alleged to have taken place on July 13, 1992. Lee had originally told FBI agents that Lim was present at the extortion. There is no evidence, other than this affidavit, that Lee told government agents before trial that Lim was not present at the extortion and therefore no such information was disclosed to defense counsel. Lee testified for one of Lim's co-defendants at trial but was not asked about Lim's presence at the restaurant.

We agree with the district court which denied Lim's motion that the affidavit does not qualify as newly discovered evidence because Lim's counsel had the opportunity to question Lee before trial and that the affidavit would probably not result in an acquittal at a new trial. See United States v. Christy, 3 F.3d 765, 768 (4th Cir. 1993) (setting out five-part test of newly discovered evidence). We find no abuse of discretion to the denial of the motion.

Lim also asserts that the Government violated his due process rights by failing to turn over to him the exculpatory statements made by Lee prior to trial as required by Brady v. Maryland, 373 U.S. 83 (1963). This claim was the subject of another motion for new trial which the district court denied. The district court properly found that Lim's due process rights were not violated because even if the statements were made before trial and turned over to defense counsel prior to trial, the result of the trial would not have been different because

2

of compelling testimony from the victim of the extortion. <u>See United States v. Bagley</u>, 473 U.S. 667, 682 (1985) (evidence material under <u>Brady</u> when there is a reasonable probability that, had the evidence been disclosed, the result of proceeding would have been different). In addition, the evidence in question was available to the Defendant from another source. <u>See United States v. Wilson</u>, 901 F.2d 378, 380 (4th Cir. 1990). We therefore find that the Government did not violate Lim's due process rights.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3