**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-6443

RANDY ANTHONY WEAVER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-1, CA-96-3888-6-13)

Submitted: July 31, 1997

Decided: August 18, 1997

Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Randy Anthony Weaver, Appellant Pro Se. William Corley Lucius,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy A. Weaver was convicted of threatening the life of the President of the United States in violation of 18 U.S.C.§ 871(a) (1994). During the pendency of his appeal from that conviction, Weaver filed a 28 U.S.C.A. § 2255 (West 1995 & Supp. 1997), motion in the district court. The district court denied Weaver's motion without a hearing. It is from this order that Weaver brings the present appeal.

Absent extraordinary circumstances, courts traditionally decline to address § 2255 motions on the merits during the pendency of a direct appeal. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939). The subject case does not present exceptional circumstances warranting deviation from that rule. We accordingly deny a certificate of appealability and vacate the judgment of the district court.* The case is remanded with directions that it be dismissed without prejudice to Weaver's right to refile a § 2255 motion after disposition of his direct appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*Although the district court attempted to withdraw this order via an order dated June 19, 1997, we find that the district court lacked jurisdiction to do so. See United States v. Christy, 3 F.3d 765, 767 (4th Cir. 1993) (explaining that timely filing of notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal).

2