UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

v.

SCOTT TREMAYNE GRIFFIN, a/k/a
Nugget,

          *Defendant-Appellant.*

No. 00-4044



Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-99-68)

Submitted: September 29, 2000

Decided: October 23, 2000

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Anthony S. Mulford, Chesapeake, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Ronald G. Reel, Special Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Scott Tremayne Griffin appeals his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) (two counts), for which he was sentenced to 240 months imprisonment, followed by ten years of supervised release. We affirm.

Griffin first challenges the district court's order denying in part his motion to suppress statements and evidence seized from his person, car, and motel room. We review the district court's findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Further, we construe the evidence in the light most favorable to the party who prevailed below. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

We find that, under the totality of the circumstances, the affidavit upon which the search warrant was based established a fair probability that illegal narcotics would be found at the motel room where Griffin was staying. *See Illinois v. Gates*, 462 U.S. 213, 233 (1983) (stating standard of review). Therefore, the search warrant was valid and all evidence seized pursuant to the warrant was admissible. We also find that officers had probable cause to arrest Griffin based on their own observations, which corroborated the informant's tip. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964). The statements that Griffin sought unsuccessfully to suppress were never used by the government in his trial. Accordingly, he cannot show any prejudice as a result of the district court's ruling on this issue.

Finally, Griffin claims that the district court erred in denying his Fed. R. Crim. P. 33 motion for new trial. Because Griffin failed to establish that the evidence would "probably result in acquittal at a

new trial," the district court did not abuse its discretion in denying the motion. *See United States v. Christy*, 3 F.3d 765, 768 (4th Cir. 1993).

Accordingly, we: (1) grant Griffin's motion to file a supplemental pro se brief, (2) deny his motion to supplement/correct the record; and (3) affirm the district court's order denying Griffin's motion to suppress and affirm his convictions and sentence.* Griffin's attorney has filed a motion to withdraw. We deny the motion. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*

---

*We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. ___, 120 S. Ct. 2348 (2000), and find that, because the defendant received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C. § 841(b)(1)(C) (West 1999), no plain error occurred. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir. 2000); *see also McMillan v. Pennsylvania*, 477 U.S. 79 (1986).