UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 01-4529

RUSSELL OWEN MCINTOSH,
            *Defendant-Appellant.*

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 01-4530

JUSTIN JAMEL MCDONALD, a/k/a JJ,
            *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of North Carolina, at Statesville.
Charles H. Haden II, Chief District Judge, sitting by designation.
(CR-99-71-H)

Submitted: June 26, 2002

Decided: July 22, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Leslie Carter Rawls, Charlotte, North Carolina; Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appel-

lants. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Russell Owen McIntosh and Justin Jamel McDonald appeal from their convictions and sentences for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 846, 841(b)(1) (West 1999 & Supp. 2002). McIntosh was also convicted of conspiracy to possess firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000). Finding no error, we affirm.

Defendants first contend that the evidence—both as to the conspiracy and as to the amount of cocaine base—was insufficient to support their convictions. However, we find that, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, the evidence was sufficient to support the verdict. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982); *see United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983).

The evidence presented during the trial showed that McIntosh and McDonald were members of a loose-knit conspiracy of drug dealers who distributed crack cocaine in the Mindon Place area of Statesville, North Carolina. *See United States v. Banks*, 10 F.3d 1044 (4th Cir. 1993) (discussing loose-knit conspiracies). Other members of the conspiracy testified regarding McIntosh's and McDonald's involvement and supplied information about the amounts of drugs each Defendant was responsible for during the course of the conspiracy. Construing this evidence and all reasonable inferences in the light most favorable to the government, *see Tresvant*, 677 F.2d at 1021, we find that the

record supports the jury verdict that both Defendants were responsible for less than 500 grams of cocaine and 50 grams or more of cocaine base.

Next, the Defendants challenge the sentencing court's determination of the amount of cocaine base attributed to them for sentencing purposes. Each co-conspirator may be held accountable for all drug quantities attributable to the conspiracy that were reasonably foreseeable to him and within the scope of his agreement. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993). The trial evidence showed that, on a daily basis and for several years, McIntosh and McDonald operated as partners in selling crack. The sentencing court found that the amount of cocaine base attributable and reasonably foreseeable to McDonald was 150 to 500 grams. The court also attributed 150 to 500 grams of cocaine base to McIntosh. These quantities were supported by testimony presented at trial. We find no clear error in the district court's finding that at least 150 grams of cocaine base were foreseeable to each Defendant. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994) (providing standard).

Lastly, McIntosh and McDonald argue that the district court erred in denying their motion for a new trial based on allegations of collusion by the government's witnesses while housed together during the trial. To have newly discovered evidence considered the defendant must show that: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence probably would result in an acquittal at a new trial. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989). We agree with the district court that McIntosh and McDonald failed to meet this standard.

The proffered "evidence" of witness collusion could have been discovered previously with the exercise of due diligence. *See United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987). Both Defendants' attorneys were familiar with the federal practice of housing federal witnesses together during a trial. Although both attorneys conducted extensive cross-examination of the witnesses, neither asked about potential violations of the sequestration order. Additionally, counsel had access to reports of the witnesses' pre-trial interviews. Had one of the witnesses altered his testimony to conform to that of

the other witnesses, counsel would have been able to discover this alteration during the trial, and could have impeached the witness based on the prior statements. However, neither at trial, nor in the motion for a new trial, did counsel for the Defendants point to any instance in which a witness' testimony was inconsistent with his prior statement.

Because Defendants failed to demonstrate any alteration of testimony in support of their claim of witness collusion, the "newly discovered evidence" on which they premised the motion for a new trial was not material. *See Chavis*, 880 F.2d at 793. Moreover, as the district court noted, even if there were an alteration in a witness' testimony, the proffered evidence of witness collusion would amount primarily to an attack on the credibility of the government's witnesses. Impeachment evidence is not sufficient to warrant a new trial. *Id.*; *see United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993).

Because McIntosh and McDonald failed to meet the five prerequisites to the granting of a motion for a new trial based on newly discovered evidence, we find that the district court did not abuse its discretion in denying the motion. *See United States v. Christy*, 3 F.3d 765, 768 (4th Cir. 1993) (providing standard).

In conclusion, we affirm the Defendants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*