**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

DONATHAN WAYNE HADDEN,

        *Defendant-Appellant.*

No. 03-6328

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron M. Currie, District Judge.
(CR-98-156)

Submitted: July 16, 2003

Decided: August 14, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

Donathan Wayne Hadden, Appellant Pro Se. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donathan Wayne Hadden was convicted in March 1999 of conspiracy to possess with intent to distribute and distribution of methamphetamine (Count I); attempted possession with intent to distribute methamphetamine (Count II); and using and carrying a firearm during and in relation to a drug trafficking crime (Count III). In November 2002, the district court granted relief pursuant to 28 U.S.C. § 2255 (2000) as to Count III, and entered an amended criminal judgment with respect to Counts I and II on November 22, 2002. Hadden filed objections to the amended judgment on December 5, 2002. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that motion is considered filed on the date it is deposited with prison officials for mailing). The district court has not ruled on the objections to date.

On February 12, 2003, Hadden filed a notice of appeal to inform this court of his "intent to pursue appellate review should the objection[s] be denied." Although Hadden's appeal period ordinarily would have expired on December 9, 2002, we find that the document filed by Hadden in the district court raising objections to the amended criminal judgment was essentially a motion for reconsideration. *See* Fed. R. App. P. 4(b)(1)(A) (setting forth ten-day appeal period); Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when the time period is less than eleven days). When a timely motion for reconsideration is filed in a criminal case, the ten-day appeal period does not begin to run until after the motion to reconsider has been decided by the district court. *See United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991); *United States v. Dieter*, 429 U.S. 6, 7-8 (1976); *United States v. Healy*, 376 U.S. 75, 77-79 (1964); *United States v. Christy*, 3 F.3d 765, 767 n.1 (4th Cir. 1993). Accordingly, Hadden's notice of appeal is premature.

Because Hadden clearly indicated on his notice of appeal that he intended to pursue appellate review only "in the event that the objection[s] be denied," we construe his notice of appeal as a petition for a writ of mandamus alleging that the district court has unduly delayed acting on his pending objections. Mandamus, however, is a drastic remedy to be used only in extraordinary circumstances. *Kerr v.*

*United States Dist. Court*, 426 U.S. 394, 402 (1976). "Courts are extremely reluctant to grant a writ of mandamus." *In re: Beard*, 811 F.2d 818, 827 (4th Cir. 1987). A petitioner seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief requested and that his right to such relief is clear and indisputable. *In re: First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988).

Although unreasonable delay in the district court is reviewable by mandamus, we find that mandamus relief is not warranted in this case because the delay is not unreasonable. We therefore deny the mandamus petition without prejudice to the filing of another mandamus petition if the district court does not act expeditiously. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*