**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-6483**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ANTHONY COTTON, JR.,

Defendant - Appellant.

———————————

**No. 04-7585**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ANTHONY COTTON, JR.,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (CR-95-30)

———————————

Submitted:  February 23, 2005        Decided:  March 23, 2005

———————————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Charles Anthony Cotton, Jr., Appellant Pro Se. Joseph William Hooge Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Charles Anthony Cotton, Jr. appeals the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) (2000) and its order denying his motion for reconsideration. In criminal cases, a defendant must file his notice of appeal within ten days of "the entry of either the judgment or order being appealed." Fed. R. App. P. 4(b)(1)(A); see United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995) (applying ten-day appeal period of Rule 4(b) to § 3582(c) motions). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the order denying Cotton's motion to reduce his sentence on February 5, 2004; the ten-day appeal period expired on February 20, 2004. Cotton filed his first notice of appeal on March 8, 2004, beyond the ten-day appeal period but within the excusable neglect period.[*] Because the notice of appeal was filed within the excusable neglect period, we remanded to the district court to determine whether Cotton could demonstrate excusable neglect or good cause warranting an extension of the ten-day appeal period. On remand, the district court denied a pending

---

[*]We have accorded Cotton the date he wrote on the notice of appeal as the filing date. See Houston v. Lack, 487 U.S. 266 (1988).

- 3 -

motion for reconsideration, and determined that Cotton had not shown excusable neglect. However, we find we have jurisdiction over both appeals, because Cotton filed his motion to reconsider the court's order denying his motion to reduce his sentence within the ten-day appeal period, and he timely appealed the district court's order denying his motion to reconsider. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993).

Cotton contends the district court erred by denying his motions to reduce his sentence and for reconsideration. We have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See United States v. Cotton, No. CR-95-30 (W.D. Va. Feb. 5, 2004 & filed Sept. 7, 2004; entered Sept. 8, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED