**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6559**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND LYLE BELL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (CR-03-2)

---

Submitted:  August 31, 2005          Decided:  September 13, 2005

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Raymond Lyle Bell, Appellant Pro Se.  Shawn Angus Morgan, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Lyle Bell appeals the district court's order denying his motion to reconsider pursuant to Fed. R. Civ. P. 60(b). Bell filed the motion nearly one year after the district court entered judgment on his conviction and sentence pursuant to a guilty plea on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Prior to moving the district court to reconsider, Bell had filed neither a direct appeal nor a 28 U.S.C. § 2255 (2000) motion. The district court denied the motion, stating that the Federal Rules of Civil Procedure do not apply in criminal cases.

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Supreme Court has held that a motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to a full time period for noticing the appeal after the motion for reconsideration has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same);

- 2 -

see also <u>United States v. Christy</u>, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same).

Bell submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice appeal of the judgment he sought the district court to reconsider. Accordingly, because Bell's Rule 60(b) motion was untimely, we affirm the district court's order denying the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>