**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7912**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SONJI PRINCE PABELLON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-98-1169-HMH)

Submitted:  June 26, 2006                Decided:  July 17, 2006

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Sonji Prince Pabellon, Appellant Pro Se. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sonji Prince Pabellon seeks to appeal the district court's orders denying her motion for reduction of sentence under 18 U.S.C.A. § 3582 (West 2000 & Supp. 2005) and denying her motion for reconsideration. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order denying the motion for reduction of sentence on October 11, 2005, and the ten-day appeal period ordinarily would have expired on October 25, 2005. See Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when the time period is less than eleven days). Although Pabellon did not file a notice of appeal within this ten-day period, she filed a motion for reconsideration on October 19, 2005.

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v.

- 2 -

Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to the full time period for noticing the appeal after the motion to reconsider has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Healy, 376 U.S. 75, 77-79 (1964) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same).

The district court entered its oral order denying Pabellon's motion to reconsider on October 25, 2005; she then had ten days or until November 8, 2005, to timely file her notice of appeal. Pabellon's notice of appeal was filed on November 16, 2005, after the expiration of the appeal period but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Pabellon has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED