**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6944**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERMAN WOODEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (CR-90-18-A)

Submitted:  March 21, 2007          Decided:  April 13, 2007

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Frances H.
Pratt, Research and Writing Attorney, Alexandria, Virginia, for
Appellant.  Brian James Samuels, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Wooden appeals the district court's order denying his motions for bail pending resolution of appeal No. 04-6793, for an injunction against his transfer to another correctional facility while his case was pending, to reopen his case, and for consideration of new issues by the district court while this case was on limited remand from the court of appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that the district court did not have jurisdiction to address the motions that Wooden filed, and, even if it did, the motions were properly denied. Although advised of his right to file a supplemental brief, Wooden has not filed a brief, but has filed a motion for appointment of new counsel and requesting that he be allowed to supplement the motion for reconsideration that he filed in the district court. We affirm in part and dismiss the appeal in part.

Because appeal No. 04-6793 has been resolved and because Wooden has been transferred to a different facility, we dismiss as moot Wooden's appeal from the district court's denial of his motions for bail pending appeal and for an injunction against his transfer.

When Wooden filed his motions to reopen the case underlying appeal No. 04-6793 and for the district court to consider new issues on remand, jurisdiction over the case was in

the court of appeals; the only issue before the district court by reason of our limited remand was a determination of the date on which Wooden gave his notice of appeal to prison officials so that we could determine whether Wooden's appeal in No. 04-6793 was timely noted. Thus, the district court lacked jurisdiction over the substance of the case. Lacking jurisdiction, the district court was without authority to act on Wooden's motions which involved aspects of the case involved in the appeal. United States v. Christy, 3 F.3d 765, 767-68 (4th Cir. 1993); see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Thus, we affirm the district court's denial of these motions on the alternate ground that the court lacked jurisdiction over the issues. See United States v. Smith, 395 F.3d 516, 518-19 (4th Cir. 2005) ("We are not limited to evaluation of the grounds offered by the district court to support its decision, but may affirm on any grounds apparent from the record.").

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's order denying Wooden's motions to reopen and to consider new issues, and dismiss his appeal from the

district court's order denying his motions for bail pending appeal and for an injunction against his transfer.  We deny Wooden's motion for reappointment of counsel and for leave to supplement or file a Fed. R. Civ. P. 60(b) motion in the district court.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>