**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7644**

UNITED STATES OF AMERICA,

                   Plaintiff – Appellee,

        v.

HOWARD J. BEARD,

                   Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Samuel G. Wilson, District Judge.  (5:02-cr-30020-sgw-4)

Submitted:  January 13, 2009          Decided:  January 16, 2009

Before WILLIAMS, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard J. Beard, Appellant Pro Se.  Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard J. Beard seeks to appeal the district court's order denying his motion for reconsideration of the order granting his motion for reduction of sentence under 18 U.S.C. § 3582 (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies).

The district court entered its order granting Beard's motion to reduce his sentence on April 21, 2008. The ten-day appeal period ordinarily would have expired on May 5, 2008. See Fed. R. App. P. 26(a)(2) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). Beard did not file his motion for reconsideration until July 21, 2008.

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the

2

order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to a full time period for noticing the appeal after the motion for reconsideration has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same). Because Beard did not timely file the motion to reconsider, the district court should have denied the motion as untimely. We therefore affirm the denial of the motion for reconsideration on the grounds that the motion was untimely filed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED