**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7532**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAMONT HAROLD GARRISON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:98-cr-00132-JCC-13)

Submitted: December 24, 2008     Decided: January 26, 2009

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Lamont Harold Garrison, Appellant Pro Se. James L. Trump, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Harold Garrison seeks to appeal the district court's order reducing Garrison's sentence pursuant to his motion under 18 U.S.C. § 3582(c)(2) (2006). In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); see United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that § 3582 proceeding is criminal in nature and ten-day appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its order granting the motion for reduction of sentence on June 2, 2008, and the ten-day appeal period ordinarily would have expired on June 16, 2008. See Fed. R. App. P. 26 (providing that "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). Although Garrison did not file a notice of appeal within this ten-day period, he filed a motion to alter or amend the judgment within this time frame.

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration [or] prescribe the time in which they must be filed." Nilson Van &

2

Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding that would-be appellant who files a timely motion for reconsideration from criminal judgment is entitled to full time period for noticing the appeal after the motion to reconsider has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Healy, 376 U.S. 75, 77-79 (1964) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same).

The district court entered its order denying Garrison's motion to alter or amend on July 3, 2008. Garrison then had ten days, or until July 18, 2008, to timely file his notice of appeal. Garrison's notice of appeal was filed on July 21, 2008, after the expiration of the appeal period but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Garrison has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The

3

record, as supplemented, will then be returned to this court for further consideration.

REMANDED