**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-6983**

―――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CARLOS DAILEY, a/k/a Bonecrusher,

                    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, District Judge.  (3:09-cr-00233-JRS-3)

―――――――――

Submitted:  August 23, 2012          Decided:  August 29, 2012

―――――――――

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

―――――――――

Affirmed in part; dismissed in part by unpublished per curiam opinion.

―――――――――

Carlos Dailey, Appellant Pro Se.  David Vincent Harbach, II, Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Dailey appeals the district court's orders granting his 18 U.S.C. § 3582(c)(2) (2006) motion for sentence reduction and denying his subsequent motion for reconsideration. The Government has moved to dismiss Dailey's appeal of the court's underlying order granting his § 3582(c)(2) motion as untimely.

In criminal cases, the defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Supreme Court has held that a would-be appellant who files a motion for reconsideration in a criminal case within the original period in which an appeal is permitted is entitled to the full time period for noticing the appeal after the motion to reconsider has been decided. United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991); see also United States v. Christy, 3 F.3d 765,

767 n.1 (4th Cir. 1999) (same). In this case, the court's order granting Dailey's § 3582(c)(2) motion was entered on April 4, 2012, and the fourteen-day appeal period expired on Wednesday, April 18, 2012. See Fed. R. App. P. 26(a)(1). Although Dailey's pro se motion for reconsideration is undated, the motion was filed in the district court on May 4, 2012, more than two weeks after the appeal period expired. Accordingly, Dailey's motion for reconsideration did not serve to restart the period for taking an appeal.

Pursuant to the pro se prisoner mailbox rule announced in Houston v. Lack, 478 U.S. 266, 276 (1988), Dailey's notice of appeal is deemed filed when it is delivered to prison officials for mailing. Although Dailey's notice of appeal is undated, it is unknown when he delivered it to prison officials for mailing, and there is no date indicating when it was postmarked, Dailey states on appeal that he placed his notice of appeal in the institution's internal mailing system on May 21, 2012. Accepting Dailey's assertions as true, his appeal is nonetheless untimely, as it was filed thirty-three days after the appeal period expired on Wednesday, April 18, 2012.

Because Dailey's notice of appeal is untimely and the Government has seasonably sought dismissal, we grant the Government's motion to dismiss Dailey's appeal with respect to the court's order granting his § 3582(c)(2) motion for sentence

3

reduction.  See United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008) (stating that the time limitations imposed by Fed. R. App. P. 4(b)(4) "must be enforced by th[e] court when properly invoked by the government").

We also conclude that the district court lacked authority to entertain Dailey's motion for reconsideration.  See United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010). Accordingly, we affirm the district court's order denying Dailey's motion for reconsideration.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4