**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6621**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

TELLY SURVAR ARMSTRONG, a/k/a Telly Savalas Armstrong,

Defendant − Appellant.

------------------------------

GRACE GREENE SIMMONS,

Court-Assigned Amicus Counsel.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Senior District Judge.  (3:02-cr-00158-FDW-1)

Argued:  October 30, 2024                          Decided:  April 1, 2025

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

Affirmed by published opinion.  Judge Benjamin wrote the opinion in which Judge Gregory and Judge Richardson joined.

**ARGUED:**  Grace Greene Simmons, MCGUIREWOODS, LLP, Washington, D.C., for Court-Assigned Amicus Counsel.  Anthony Joseph Enright, OFFICE OF THE UNITED

STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Benjamin L. Hatch, MCGUIREWOODS LLP, Washington, D.C., for Court-Assigned Amicus Counsel. Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

DEANDREA GIST BENJAMIN, Circuit Judge:

Telly Armstrong's motion for compassionate release was denied in district court. Armstrong then filed a motion for reconsideration with the district court, but only after filing a notice of appeal as to the initial denial order in this court. The principal question before us is whether Fed. R. Crim. P. 37 gives district courts the authority to deny motions for reconsideration while an appeal of the underlying order is pending in this court. We hold that it does, and therefore affirm.

I.

In March 2005, Armstrong pled guilty to two counts of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). [J.A. 13, 19]. The district court sentenced Armstrong to 384 months' imprisonment. [J.A. 25–26]. Armstrong subsequently filed a motion for compassionate release.[1] [J.A. 96–139, 161].

The district court found that the disparity between Armstrong's 2005 sentence and the sentence he would receive for the same conviction at the time of ruling—168 months instead of 384 months—represented an extraordinary and compelling reason for granting him relief under 18 U.S.C. § 3582(c)(1)(A)(i). [J.A. 164–66]. Nevertheless, considering the 18 U.S.C. § 3553(a) sentencing factors, the court denied the motion because of

---

[1] Armstrong initially filed two *pro se* emergency motions for compassionate release. [J.A. 32, 68]. After obtaining counsel, Armstrong filed an amended motion for compassionate release, which superseded and mooted the prior motions. [J.A. 96–139, 161]

Armstrong's extensive criminal history and the "exceptionally violent" conduct to which he pled guilty. J.A. 166.

Armstrong appealed the district court's order denying compassionate relief, and subsequently submitted a *pro se* motion for reconsideration of the same order in the district court. The district court denied Armstrong's motion for reconsideration, explaining why Armstrong's contention that it "overlooked or misapprehended the law" was meritless. J.A. 181. Armstrong then appealed the district court's denial of his motion for reconsideration.

This court affirmed the district court's initial order denying compassionate release. *United States v. Armstrong*, No. 23-6387, 2023 WL 9014566, at *1 (4th Cir. Dec. 29, 2023). We now consider Armstrong's appeal of the district court's denial of his motion for reconsideration.[2]

II.

The principal question before us is whether the district court had the authority to deny Armstrong's motion for reconsideration given that his appeal of the district court's initial order was pending in this court. Under Fed. R. Crim. P. 37, it did.

Rule 37 was enacted to "facilitate[] remand of certain motions filed after an appeal has been docketed where the district court has indicated it would grant the motion." 3 Wright & Miller, Fed. Prac. & Proc. Crim. § 644.1 (5th ed.). It reads:

---

[2] The court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

4

> If a timely motion is made for relief that the court lacks authority to grant
> because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands
> for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a)(1)–(3).

Rule 37 is identical to Fed. R. Civ. P. 62.1, which was enacted three years before Rule 37 for the same purpose. *See* 3 Wright & Miller, § 644.1. Both rules empower district courts to "entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue." *See* Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption. Here, the district court denied Armstrong's motion for reconsideration. Rule 37 makes clear that this was well within the district court's discretion.

The Government cites *United States v. Christy*, 3 F.3d 765 (4th Cir. 1993), for the proposition that the district court lacked the authority to rule on Armstrong's motion for reconsideration because his appeal of the underlying order stripped the district court of jurisdiction. In *Christy*, the district court denied a defendant's motion for a new trial. *Id.* at 766. Based on this decision, the defendant then simultaneously filed a notice of appeal and a motion for reconsideration. *Id.* at 767. The district court dismissed the motion for reconsideration on the ground that the filing of the notice of appeal divested it of jurisdiction. *Id.* The defendant appealed that decision as well. *Id.* This court consolidated the two appeals and affirmed the district court's dismissal of the motion for

reconsideration. *Id.*  The court agreed with the district court that the filing of the notice of appeal divested the district court of jurisdiction over the case. *See id.* at 767–68.

But in a case like this, *Christy* is inapplicable.  Because *Christy* predates Rule 37, *Christy* must be read with Rule 37's subsequent directives in mind.  Where an appeal is pending, Rule 37 unambiguously gives district courts the right to defer considering a motion for reconsideration, deny the motion, offer an indicative ruling as to the motion, or state that the motion raises a substantial issue. *See* Fed. R. Crim. P. 37(a)(1)–(3).  To be clear, *Christy* is not dead-letter law.  *Christy* would control if a district court *granted* a motion when it lacked the authority to do so because an appeal had been docketed.  This would be impermissible because Rule 37 does not provide such an exception to the general rule *Christy* stated.  But here, the district court proceeded in accord with Rule 37 by denying the motion for reconsideration. Therefore, *Christy* is inapplicable.[3] [4]

---

[3] Rule 37's reach was likely limited for two reasons.  First, allowing district courts to *grant* motions for reconsideration despite a pending appeal would circumvent the purpose of appellate jurisdiction and give appellants "an additional bite at the apple": appellants could fight for and obtain the same relief in two federal courts simultaneously. *Christy*, 3 F.3d at 768.  Second, Rule 37 aims to give district courts a chance to aid appellate courts in their decision-making process by providing additional information about the merits of an appellant's motion.  This goal would be unfulfilled if a district court granted the motion for reconsideration, because granting the motion would give the appellant the relief they are seeking and would therefore negate the need for, rather than aid in, the appellate process.  In sum, *Christy* is still the default rule, but it must be read in harmony with Rule 37's exceptions.  Here, *Christy* is inapplicable because the district court's actions fell under one of Rule 37's exceptions.

[4] On appeal, the Government argues that the district court was precluded from considering Armstrong's motion for reconsideration because the motion was untimely and because Armstrong had no right to file the motion under *United States v. Goodwyn*, 296 F.3d 233 (4th Cir. 2010).  These arguments were not raised below and are therefore waived. *See Kadel v. N. Carolina State Health Plan for Tchrs. & State Emps.*, 12 F.4th 422, 430 (Continued)

III.[5]

Rule 37 serves an important purpose.  The discretion it grants district courts allows courts of appeals to make more informed decisions.  The Government's attempt to foreclose this practical function is unsuccessful, and the district court's decision is

*AFFIRMED.*

---

(4th Cir. 2021) ("[I]ssues raised for the first time on appeal generally will not be considered [and] . . . [e]xceptions to this rule exist only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." (cleaned up)).

[5] The merits of Armstrong's compassionate release motion have already been decided in *United States v. Armstrong*, No. 23-6387, 2023 WL 9014566 (4th Cir. Dec. 29, 2023).  On October 1, 2024, Armstrong filed a supplemental brief *pro se*.  In that brief, Armstrong criticized the court's denial of compassionate release without presenting any new extraordinary or compelling reasons to grant him relief.  Because this court already rejected Armstrong's arguments on the merits, we need not address them again here.